IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PATRICIA STALEY, | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| v. | ) | 14-00316-CB-N |
| GREEN TREE SERVICING, LLC, | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on the Defendant's motion (Doc. 13) seeking summary judgment on its counterclaim against the Plaintiff.[1]  For reasons discussed below, the motion is due to be granted.

**Determinations of Undisputed Fact[2]**

On December 23, 2002, Counterclaim Defendant Patricia Staley ("Staley") executed a Note and Mortgage and Countrywide Home Loans, Inc. ("Countrywide"). The Mortgage was recorded in the Mobile County Probate Office (the "Probate Office") at Book 5287, Page 530.  A copy of the Note and recorded Mortgage are attached the Affidavit of Jeffrey Sis as Exhibits A.1 and A.2, respectively.  Mr. Sis's affidavit is attached to Green Tree's motion for summary judgment (the "Motion") as Exhibit A.

---

[1]After this action was removed from state court, this Court dismissed Plaintiff's claims without prejudice for deliberately disobeying a court order. (Doc. 12.)  Therefore, Defendant's counterclaim is the only claim remaining in this action.

[2] Because Plaintiff has failed to respond to the Defendant's summary judgment motion as ordered by the Court, the facts asserted by the Defendant are deemed admitted.  *See* Local Rule 7.2(b).

On or about November 1, 2013, Green Tree became the servicer and holder of the Note and Mortgage, and later the recorded assignee of the Mortgage. A copy of the recorded assignment agreement is attached to the Sis Affidavit as part of Exhibit A.3. A modification agreement executed by Staley is attached to the Sis Affidavit as Exhibit A.4.

On May 12, 2014, without the consent, permission or authority of Green Tree, Staley drafted and unilaterally recorded a document with the Probate Office of Mobile County entitled – "Release of Mortgage" (the "Release"). The Release makes several false, inaccurate and misleading statements, including that Green Tree had "received satisfaction" of the mortgage indebtedness and that "the debt is hereby cancelled" and "discharged." (Sis. Aff., Ex A.5.) To the contrary, Staley had not paid the balance owed on the Note and Mortgage, nor had Green Tree agreed to release the Mortgage or the Mortgage lien. (Id.)  In fact, Staley still owed well over $170,000 on the debt and was over nine months past due on her payments. (Sis Aff.)

Staley also worded the Release ("duly executed," "[p]repared by: [Staley\ for Green Tree," etc.) in such a manner that a third party seeing the Release would believe that Green Tree had consented or participated in it being filed, when, in truth, Green Tree had not consented or participated in the drafting and recorded whatsoever. (Id.) The document was recorded without Green Tree's knowledge, permission, or consent. (id.)

On June 26, 2014, Green Tree, though counsel, sent written correspondence to Staley demanding that the Release be withdrawn. A copy of the correspondence

2

is attached to the Sis Affidavit as Exhibit A.6.  To date, to Green Tree's knowledge, Staley has undertaken no actions to withdraw the Release or to otherwise convey or represent that it is null, void, and of no effect.  (Sis Aff.)

**Conclusions of Law**

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admission on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' Fed. R. Civ. P. 56(c).  In opposing the summary judgment motion, 'an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.'  Fed. R. Civ. P. 56(e)." *Merget v. Moss*, 246 Fed. Appx. 664 (11th Cir. 2007

Section 35-4-153 of the Alabama Code provides:  "[w]hen, through fraud, or a mutual mistake of the parties, or a mistake of one party which the other at the time knew or suspected, a deed, mortgage or other conveyance does not truly express the intention of the parties, it may be revised by a court on the application of the party aggrieved so as to express that intention, insofar as this can be done without prejudice to rights acquired by third persons in good faith and for value."[3]  As the Sis

---

[3] If the mortgage release does not qualify as a "mortgage under Ala. Code § 35-4-153, it would certainly qualify as an "other conveyance" because, when valid, a mortgage release materially alters title to the subject property.  *See e.g.* Ala. Code § 35-10-26 ("The payment or satisfaction of the real property mortgage debt divests the title passing by the mortgage.")

Affidavit makes clear, the Release at issue is clearly a fraudulent document that Staley filed in an (unsuccessful) effort to thwart the foreclosure of her home.

Indeed, the Release makes several false, inaccurate and misleading statements, including that Green Tree had "received satisfaction" of the mortgage indebtedness and that "the debt is hereby cancelled" and "discharged." In fact, Staley had not paid the balance owed on the Note and Mortgage, nor had Green Tree agreed to release the Mortgage or the Mortgage lien. (Sis Aff.). Staley also worded the Release ("duly executed," "[p]repared by: [Staley] for Green Tree," etc.) in such a manner that a third party seeing the release would believe that Green Tree had consented or participated in it being filed, when, in truth, Green Tree had not consented or participated. (Id.)

Based on the clear testimony from Green Tree that it did not consent to, and played no role in, the filing of the Release, this Court will grant summary judgment in favor of Green Tree. *See* Ala. Code § 35-4-153; Ala. Code § 6-6-220, *et seq.*[4], 28 U.S.C. § 2201, *et seq.; Wells Fargo Bank, N.A. v. Sharma,* 642 F. Supp., 2d 242 (S.D.N.Y. 2009) (district court had authority to rescind or terminate an agreement under the Declaratory Judgment Act). The Court further finds that, at the very least, the Release is invalid because Staley failed to follow the requirements under Alabama law for filing a release of mortgage, something that can only be accomplished by the

---

[4] Ala. Code § 6-6-223 provides: "[a]ny person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder."

mortgagor or a satisfaction agent – which Staley clearly was not.  *See e.g.* Ala. Code § 35-10-27 and Ala. Code 35-10-90, *et seq.*

Based on the clear testimony from Green Tree that it did not consent to, and played no role in the filing of the fraudulent Release, this Court will grant Green Tree's motion for summary judgment.  The subject Release of Mortgage recorded in the Mobile County Probate Office is rescinded, null, void, and of no effect.

**DONE** and **ORDERED** this the 26th day of January, 2015.

                                           **s/***Charles R. Butler, Jr.*
                                           **Senior United States District Judge**